41 Mich. App. 579 (1972)
200 N.W.2d 464
JANIEW
v.
DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE.
Docket No. 12231.
Michigan Court of Appeals.
Decided June 27, 1972.
Donald G. Schiff, for plaintiff.
Rouse, Selby, Dickinson, Shaw & Pike (by David E. Martin), for defendants.
Before: V.J. BRENNAN, P.J., and QUINN and O'HARA,[*] JJ.
QUINN, J.
Plaintiff appeals from a circuit court *580 judgment which affirmed an arbitration award that denied plaintiff's claim against her insurer.
The single reviewable issue is properly stated by defendant as:
"In an arbitration proceeding arising out of an uninsured motorist provision of an insurance policy of a passenger injured in an accident between two uninsured motorists, did the arbitrator exceed his power under Michigan General Court Rule 769.9 by refusing to be bound by a judgment entered in the Common Pleas Court for the City of Detroit involving only the two uninsured drivers?"
Plaintiff was a passenger in an automobile driven by Boleslau Zagurski when it was struck by the automobile of Singleton, injuring plaintiff. Neither Zagurski nor Singleton were insured.
Singleton sued Zagurski in common pleas court for actionable negligence. Zagurski defended that action on the basis of Singleton's contributory negligence. The court found Singleton contributorily negligent and entered judgment of no cause for action. On appeal to circuit court, this judgment was affirmed.
Plaintiff made a claim on defendant under the uninsured motorist provision of her insurance policy. Defendant demanded arbitration of its liability. Neither Zagurski nor Singleton were available for the arbitration hearing, and the arbitrator admitted in evidence the trial transcript. Plaintiff testified before the arbitrator. The arbitrator ruled that he was not bound by the common pleas judgment in the case of Singleton v Zagurski. On the basis of plaintiff's testimony, the common pleas trial transcript, and the police report, the arbitrator found defendant not liable and denied plaintiff's claim.
*581 Defendant concedes that if Singleton was negligent, it is liable to plaintiff. She contends that Singleton's negligence was established in the common pleas action, that the arbitrator was bound thereby and that he exceeded his authority by independently finding to the contrary. Relying on GCR 1963, 769.9(1)(c), plaintiff sought vacation of the award in circuit court on the basis that the arbitrator made an error of law by refusing to be bound by the common pleas judgment. The plaintiff argues in support of this position that the question of Singleton's negligence is res judicata and that the doctrine of collateral estoppel prevents a redetermination of the question.
The claim before the arbitrator was not the claim involved in Singleton v Zagurski nor were the parties the same. Neither plaintiff nor defendants in the present action was bound by the common pleas judgment in the Singleton case, Howell v Vito's Trucking Co, 386 Mich 37 (1971).
Affirmed with costs to defendants.
All concurred.
NOTES
[*] Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.